**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**VIKING SECURITY SERVICES, INC.,**

**Plaintiff,**

**-vs-**                                                                    **Case No.  6:08-cv-720-Orl-19KRS**

**UNITED STATES OF AMERICA,**

**Defendant.**

_____

## ORDER

This case comes before the Court on the Verified Emergency Motion of Plaintiff Viking Security Services, Inc. for Temporary Injunction.  (Doc. No. 1, filed May 2, 2008.)

### Background

Plaintiff Viking Security Services, Inc. ("Viking Security") has moved the Court under 28 U.S.C. § 7426(b)(1) to enjoin the Internal Revenue Service ("IRS") from levying on the company's bank accounts, accounts receivable, and assets.  (*Id.* at 1.)  Viking Security alleges that the IRS levied on its property on April 18, 2008 upon the erroneous belief that Viking Security is an alter ego of Viking Protective Group, Inc. ("Viking Protective"), a company which Viking Security purchased in August of 2007.  (*Id.* at 2.)  Viking Security claims that the IRS attached its property because Viking Protective has been delinquent in paying its own taxes.  (*Id.*)  As result of the levy, Viking Security claims that "by the time [the appeal with the IRS on the levy is heard], Viking Security will, by virtue of the Levies having frozen it's [sic] assets and having made it impossible for it to conduct its daily operations and pay its regular bills, have suffered irreparable damage to its business and its business reputation." (*Id.* at 2.)  In addition, Viking Security explains that "[i]f

the levies are not released, the Plaintiff will not be able to make its payroll on Friday, May 2, 2008;

will not be able to pay the bills it must pay in order to keep its business operating in the normal

course; and will incur irreparable damage to its relationships with its customers." (*Id.* at 3.)

**Standard of Review**

As a general matter, federal law strongly disfavors actions enjoining the collection of taxes.

*See* 26 U.S.C. § 7421 (2006); *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 313 (9th Cir. 1982).  Such

suits are governed by the "Tax Anti-Injunction Act" which provides that "no suit for the purpose of

restraining the assessment or collection of any tax shall be maintained in any court by any person

. . ." 26 U.S.C. § 7421(a).  However, the Act contains several statutory exceptions to its prohibition,

including section 7426 upon which Viking Security bases its claim.  (Doc. No. 1 at 1 (citing 26

U.S.C. § 7426(b)).)  Under section 7426, a party other than the delinquent tax payer may seek

injunctive relief to remedy a wrongful levy.  28 U.S.C. § 7426(a)(1), (b); *see also Sharp Mgmt.,*

*L.L.C. v. United States*, No. C07-402JLR, 2007 WL 1367698, at *2 (W.D. Wash. May 8, 2007)

(citing *Shannon v. United States*, 521 F.2d 56, 60 n. 10 (9th Cir. 1975)). The injunctive relief

provision provides:

> Injunction.-If a levy or sale would irreparably injure rights in property which the
> court determines to be superior to rights of the United States in such property, the
> court may grant an injunction to prohibit the enforcement of such levy or to prohibit
> such sale.

26 U.S.C. § 7426(b)(1).

In addition, a request for a temporary restraining order is always subject to the general

requirements for obtaining injunctive relief.  *See, e.g.*, *Sharp Mgmt.*, 2007 WL 1367698, at *2.  In

the Eleventh Circuit, a preliminary injunction may only issue when the moving party establishes

that: (1) there is a substantial likelihood that he will ultimately prevail on the merits of the claim;

(2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the public interest will not be harmed if the injunction should issue. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *Ferrero v. Assoc. Materials Inc.*, 923 F.2d 1441, 1448 (11th Cir. 1991).

The requirement of irreparable harm or injury is the "sine qua non of injunctive relief." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). "An injury is irreparable only if it cannot be undone through monetary remedies." *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir.1987) (lost business is not an irreparable harm because it can be compensated through monetary damages). "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974).

Finally, requests for a temporary restraining order ("TRO") are subject to an additional requirement. Under Federal Rule of Civil Procedure 65, a TRO may only be issued if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

## Analysis

Viking Security's request for a TRO is facially deficient because the company fails to explain whether its "attorney certifie[d] in writing any efforts made to give notice and the reasons why it should not be required." *Id.* Furthermore, it is not apparent from the Verified Motion why

Viking Security was forced to move for a TRO, as opposed to requesting a preliminary injunction and giving the IRS notice of the proceedings.  According to the Verified Motion and the attached exhibits, the IRS levied on Viking Security's property on April 18, 2008. (Doc. No. 1 at 1; Doc. No. 1-2 at 1-28.)  Viking Security then waited two weeks until the day it was required to pay its employees to bring this action for injunctive relief.  The company has not explained why this predicament was unexpected in light of the April 18th levies.

In addition, Viking Security's request for a TRO fails to identify an irreparable harm. Turning to the requirements of section 7426(b)(1), Viking Security does not allege that the IRS's levy will "irreparably injure rights" in the levied property.  Instead, Viking Security alleges that the levy will prevent it from paying its employees and otherwise function as a business.  Thus, section 7426(b)(1) does not provide relief in this case. *Midwest Fin., Inc. v. United States*, 991 F.2d 801, 1993 WL 106885, at *1 (8th Cir. Apr. 13, 1993) (unpublished table decision) ("Based on the unambiguous language of section 7426(b)(1) . . . and legislative history . . . we conclude that irreparable injury to 'rights in property,' as used in section 7426(b)(1), refers only to the particular property levied upon."); *Sharp Mgmt.*, 2007 WL 1367698 at *4 ("A temporary loss of funds and consequential financial difficulties does not constitute irreparable harm sufficient to justify an injunction against enforcement of tax liabilities."); *Jarro v. United States*, 835 F. Supp. 625, 630 (S.D. Fla. 1992). *C.f. O'Hagan v. United States*, 86 F.3d 776, 783 (8th Cir. 1996) (irreparable harm shown through sale of real property in which the claimant had an interest).[1]

_____

[1]      Viking Security's failure to demonstrate an irreparable harm under section 7426(b)(1) may deprive this Court of subject matter jurisdiction to hear its claim. *Jarro*, 835 F. Supp. at 630. However, due to the preliminary nature of the proceedings, the Court will refrain from deciding whether to dismiss this action until the record is further developed. *See id.* (noting the lack of
(continued...)

Based on the facts presented in the Verified Motion, Viking Security has also failed to meet the Eleventh Circuit's general requirements for the issuance of injunctive relief.  Viking Security has not shown "irreparable harm" because "[a]n injury is irreparable only if it cannot be undone through monetary remedies."  *Cunningham*, 808 F.2d at 821.  Much like the plaintiff in *Cunningham*, Viking Security attempts to demonstrate irreparable harm by claiming financial ruin and harm to its business.  (Doc. No. 1 at 2-3.)  The Eleventh Circuit has been unequivocal that monetary harm, no matter how ruinous, cannot constitute an irreparable harm because the harm may be remedied through adequate compensation at a later date.  *Id.* ("The key word in this consideration is irreparable.  Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough.").

Accordingly, Viking Security has not demonstrated that it is entitled to a temporary restraining order.

### Conclusion

Based on the foregoing the Verified Emergency Motion of Plaintiff Viking Security Services, Inc. for Temporary Injunction (Doc. No. 1) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on May 2, 2008.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1](...continued)
subject matter jurisdiction to hear the plaintiff's claim but nevertheless refraining from *sua sponte* dismissal and placing the case on an expedited schedule).  However, Viking Security should be on notice of this apparent jurisdictional defect.

Copies furnished to:

Counsel of Record